May Term, 1859.

WEST
v.
TOWNSEND.

*J. D. Conner* and *G. E. Cordon,* for the appellee.

---

## WEST and Others *v.* TOWNSEND and Others.

The Probate Court, upon application by the administrator, was authorized by the R. S. 1843, pp. 531, 532, §§ 245, 251, to order a sale of the decedent's real estate to discharge liens thereon; and after such sale, the payment of the purchase-money, and the application thereof to the discharge of such liens in the order of their priority until it was exhausted, a junior incumbrancer whose lien was still unpaid, could not enforce it against the real estate so sold, in the hands of the purchaser.

Thursday, June 9.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—This was a suit to obtain execution against real estate of a deceased debtor, upon a judgment rendered in 1847.

Answers were put in, replies filed, and the issues were tried by the Court, who found for the plaintiff, and ordered execution for the sale of the land.

The facts of the case are these:

In the lifetime of *Alexander Wilson,* judgments were obtained against him in the following order, in the *Miami* Circuit Court, viz.: One in favor of *Calvin B. House* for 640 dollars, *February* 23, 1846; one in favor of *Bower* and *McVane,* for 367 dollars, 95 cents, on the same day; one in favor of *Bancroft,* for 112 dollars, 20 cents, *August* 27, 1846; one in favor of *Thompson M. Coon,* for 432 dollars, 60 cents, *August* 24, 1846; and that of the plaintiffs in

this suit, for 681 dollars, 50 cents, on the 12th of *March*,
1847.

In 1849, *Alexander Wilson* died, seized in fee simple of
one hundred and sixty acres of land in *Miami* county, *In-*
*diana*. *John M. Wilson* was appointed administrator upon
his estate.   In due course of administration, it was found
that the personal estate was insufficient for the payment
of the debts of the deceased, and application was made to
the proper Court for the sale of the real estate above men-
tioned, it being all of which *Alexander Wilson* died seized.
The sale was ordered, and took place in 1851, *Amos West*
becoming the purchaser.   The petition for the sale of the
real estate set forth the judgments above described, as
constituting the main indebtedness for the discharge of
which it was necessary to sell said real estate; no pro-
ceedings having been instituted on any of them to subject
it to sale.   The land brought, at the sale, 1,350 dollars,
being more than its appraised value, and all, if not more
than it was worth—the consideration was all paid by *West*,
the purchaser, and was applied upon the judgments upon
the land older than those of these plaintiffs.

On the payment of the purchase-money, *West* received
a deed, approved by the Court, under which he has since
occupied and substantially improved the land.

The R. S. 1843, under which the sale of the real estate
in this case took place, authorized the Probate Court to
order the sale, subject to existing liens, of real estate for
the payment of debts (p. 531, § 245); and they authorized
it to order the sale for the discharge of the liens (p. 532,
§ 251).   And it might, in the order, combine both objects.
It did in the case at bar.   And where real estate is ordered
to be sold to discharge the liens of judgments upon it, the
title of the purchaser relates back, as in case of sheriff's
sales, to the date of the oldest judgment upon which the
sale takes place.   Such being the case, the title of *West*
to the land purchased by him, is not subject to sale again
upon the judgments of these plaintiffs.   It is not subject
to the lien of their judgment.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded to be dismissed.

*N. O. Ross* and *R. P. Effinger,* for the appellants.

*J. A. Beal,* for the appellees.

